IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON PARKER, : | |
|    Petitioner : | |
| : | |
| v. : | CIV. NO. 10-7262 |
| : | |
| JOHN KERESTES et al., : | |
|    Respondents : | |

### DECISION

On September 30, 2011, the Magistrate Judge issued a Report and Recommendation, recommending denial of the instant Petition for writ of habeas corpus. *(Doc. Nos. 1, 14.)* See 28 U.S.C. § 2254. Petitioner Clifton Parker filed a timely Objection. *(Doc. No. 18.)* Upon careful consideration of the Report and Recommendation and Petitioner's Objection, I will approve and adopt the Report and Recommendation and deny the Petition.

Because I write for the Parties, and this case's factual background is set out in the Report and Recommendation, I will not repeat it here.

### I. LEGAL STANDARD

I must conduct a *de novo* review of any objections to a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

### II. DISCUSSION

   *1.   Exhaustion*

Petitioner argues in Claim 3 of his Petition that the state trial court admitted his statement to police in violation of Miranda. He argues in Claim 4(d) that his counsel was ineffective for failure to call character witnesses. The Magistrate Judge recommends denial of these claims because Petitioner failed to exhaust them in state court. *(Doc. No. 14 at 10-14.)* See 28 U.S.C. §

1

2254(c); Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010). Petitioner argues that he "reasonably informed the state court" of Claim 3 by "referencing 'inadequate Miranda warnings' in his direct appeal brief." *(Doc. No. 18 at 2.)* Making a fleeting reference to a possible claim does not exhaust it. "Both the legal theory and facts underpinning the federal claim must have been presented to the state courts, and the same method of legal analysis must be available to the state courts as will be employed in the federal court." Evans v. Court of Common Pleas, De. County, Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) (citations omitted). The Magistrate Judge thus correctly determined that Petitioner failed to exhaust Claim 3.

Petitioner argues that he failed to raise Claim 4(d) at PCRA because he faced "[o]bjective impediments to filing a second PCRA, including unsettled legal principles as to effects of alternative filings." *(Doc. No. 8 at 2.)* Petitioner does not elaborate on these "objective impediments," and he cites no authority for his assertion that they are "grounds for finding cause and prejudice." *(Id.)* Accordingly, he provides me no grounds to grant relief as to Claim 4(d). See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (vague and general allegations insufficient to justify habeas relief).

  2. *Involuntary Waiver of Miranda Rights*

Petitioner argues in Claim 1 that the trial court erred in refusing to suppress written statements he made to police. The Magistrate Judge recommends denial of Claim 1 because Petitioner did not exhaust its federal elements. Petitioner presented this claim to state courts as a violation of Pennsylvania law, and not as a "violation of the laws or treaties of the United States." *(Doc. No. 14 at 14-16.)* 28 U.S.C. § 2254(a). Petitioner objects because, when "misapplication of state law has the effect of depriving a person of life, liberty, or property without due process of law in violation of the Fourteenth Amendment, the resulting Federal

constitutional error can be corrected by a Federal habeas court." *(Doc. No. 18 at 3.)* See Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citing Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring in the judgment)). This purported misapplication of Pennsylvania law does not excuse Petitioner from exhausting his federal claims in state court. Accordingly, I will deny Claim 1. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001).

        3. *Improper Jury Instruction*

Petitioner argues in Claim 2 that the trial court erred by giving the jury an improper "no adverse inference" instruction after Petitioner chose not to testify. The Magistrate Judge recommends denial of this claim because it presents a state law violation, and not a "violation of the laws or treaties of the United States." *(Doc. No. 14 at 17-19.)* 28 U.S.C. § 2254(a). In his Objection, he again argues that misapplication of state law violated his due process rights under the Fourteenth Amendment. See Smith, 120 F.3d at 414. Upon reviewing the record, however, I conclude that he did not raise the federal element of this claim before state courts *(Doc. No. 11)*, and also did not raise this argument before the Magistrate Judge *(Doc. No. 1)*. See Bailey v. U.S. Marshals Serv. Headquarters, 426 F. App'x 44, 47 (3d Cir. 2011) (citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)) (arguments presented for first time in objection to report and recommendation are waived). Accordingly, I will deny this claim.

        4. *Ineffective Assistance Claims*

            a. *Failure to Call Alibi Witnesses and Consult with Petitioner*

Petitioner argues in Claims 4(a) and (f) that trial counsel failed to consult with him before trial, and failed to call alibi witnesses John Parker and Latonya Hart. The Magistrate Judge recommends denial of these claims because: (1) Petitioner failed to show proof that either

witness would have provided exculpatory testimony; and (2) Petitioner told the trial judge that trial counsel had adequately discussed the case with Petitioner and had not failed to call any witness Petitioner wanted him to call. *(Doc. No. 14 at 21-25.)* Petitioner presents nothing that impugns these conclusions. Accordingly, I will deny Claims 4(a) and (f).

        b.      *Failure to Call Petitioner to Testify*

Petitioner argues in Claim 4(b) that trial counsel was ineffective for failing to call Petitioner to testify, and that counsel dissuaded him from testifying. The Magistrate Judge recommends denial of this claim because Petitioner told the trial judge that he was aware of his right to testify and did not wish to invoke it. *(Doc. No. 18 at 6.)* See United States v. Smith, 235 F. Supp. 2d 418, 424 (E.D. Pa. 2002) (failure to call defendant not ineffective if defendant is aware of and understands his right to testify). Accordingly, I will deny Claim 4(b).

        c.      *Failure to Object to Batson Violation*

Petitioner argues in Claim 4(c) that trial counsel was ineffective for failing to object to racially motivated peremptory juror strikes that violated Batson v. Kentucky, 476 U.S. 79 (1986). The Magistrate Judge recommends denial of this claim because Petitioner offered no record evidence that the Prosecutor's juror strikes were racially motivated. See Williams v. Beard, 637 F.3d 195, 214-15 (3d Cir. 2011). He further argues the Philadelphia District Attorney's Office used a training video that directed prosecutors to strike African Americans from jury pools. He provides no evidence, however, linking the Prosecutor in his case to this training video. See Rollins v. Horn, No. 00-1288, 2006 WL 2504307, at *4 (E.D. Pa. Aug. 17, 2007). Accordingly, Petitioner has failed to shift the burden to Respondents to show a race-neutral explanation for the Prosecutor's juror strikes. See Coombs v. Diguglielmo, 616 F.3d 255, 261 (3d Cir. 2010).

### d. *Failure to Object to Jury Instructions*

Petitioner argues in Claim 4(e) that trial counsel failed to object to instructions that "permitted the jury to convict [Petitioner] as an accomplice without proving every element of" the felony murder charge. Petitioner incorrectly contends that: (1) the instruction permitted the jury to convict Petitioner based on his "mere association" with his alleged co-conspirator; (2) the trial judge was required to set out each element of a criminal conspiracy charge; and (3) the trial judge was required to instruct the jury on the object of the alleged conspiracy. *(Doc. No. 18 at 9.)* Under Pennsylvania law, a felony murder conviction requires "proof of a conspiratorial design by the slayer and the others to commit the underlying felony . . . ." Commonwealth v. Waters, 418 A.2d 312, 317 (1980). The trial judge instructed the jury that, to find Petitioner guilty of felony murder, it had to find beyond a reasonable doubt that Petitioner was involved or participated in the robbery. *(Doc. No. 14 at 37.)* There is no requirement to explain the elements of criminal conspiracy. Moreover, the trial judge instructed the jury that the object of the conspiracy was the robbery. Accordingly, Petitioner's arguments as to Claim 4(e) are meritless.

### e. *Failure to Hold a PCRA Evidentiary Hearing*

Petitioner argues in Claim 5 that the state court erroneously adjudicated his PCRA claims without holding an evidentiary hearing, thus violating his federal due process rights. *(Doc. No. 18 at 10-11.)* See Evitts v. Lucey, 469 U.S. 387, 393 (1985); Hicks v. Oklahoma, 447 U.S. 343, 346-47 (1980); Wolff v. McDonald, 418 U.S. 539 (1974). As the Magistrate Judge correctly observes, however, the Third Circuit has held that "habeas proceedings are not the appropriate forum . . . to pursue claims of error at [a] PCRA proceeding." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). I may only evaluate what occurred at the state proceedings that led to Petitioner's conviction. Id. (citing Hassine v. Zimmerman, 160 F.3d 941, 954-55 (3d Cir. 1998)).

5

Accordingly, even if the failure to hold an evidentiary hearing at PCRA was error, it provides no basis for relief here.

### III.   CONCLUSION

For the foregoing reasons, I will approve and adopt The Magistrate Judge's Report and Recommendation, and deny the Petition. Because Petitioner has not made "a substantial showing of the denial of a constitutional right," I will not issue a certificate of appealability. 28 U.S.C. § 2253(c). A separate Order follows.

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**